[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2011
JOHN LEY
CLERK

No. 10-13417
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20825-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMALWIN VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 1, 2011)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

The only issue in this appeal is whether the concurrent prison sentences of

89 months appellant received for conspiracy and for attempt to possess with intent

to distribute cocaine, in violation of 21 U.S.C. § 846, are substantively unreasonable, even though they are at the bottom of the sentence range the Sentencing Guidelines prescribe.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing, namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparity, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"[W]hen the district court imposes a sentence within the . . . Guidelines [sentence] range, we ordinarily . . . expect that choice to be a reasonable one."

*United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence must establish that the sentence is unreasonable in the light of both the record and the § 3553(a) factors. *Id.* "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted), *petition for cert. filed*, (U.S. Nov. 24, 2010) (No. 10-727).

Our review of a sentence for "substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). *Id.* at 1324. "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191.

Appellant fails to demonstrate that his sentences are substantively unreasonable in light of the record and the § 3553(a) factors. The sentences are at

3

the lower end of the Guidelines sentence range of 87 to 108 months.  Moreover,

they fall well below the statutory maximum penalty of 40 years' imprisonment for

each count.  *See Gonzalez*, 550 F.3d at 1324 (concluding that the sentence was

reasonable in part because it was well below the statutory maximum).  The

sentences also meet the goals of § 3553(a).  In particular, the district court

expressed concern regarding the "substantial" quantity of cocaine involved—four

kilograms at one point—and appellant's previous conviction for drug trafficking.

In sum, because the sentences at issue are reasonable and supported by the §

3553(a) factors, they are

AFFIRMED.